# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**Randy Porter**, individually,
and on behalf of all others
similarly situated,

        Plaintiff,

v.

**BASF Corporation**, a Delaware
Corporation,

        Defendant.

_____

## COLLECTIVE AND CLASS ACTION COMPLAINT
_____

Plaintiff Randy Porter ("Plaintiff"), individually, and on behalf of all other similarly situated hourly-paid non-exempt BASF Corporation ("Defendant") employees who wore Personal Protective Equipment ("PPE"), by and through his counsel of record, brings claims to recover unpaid overtime, liquidated damages, statutory penalties, and any other relief available pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the Colorado Wage Claim Act § 8-4-101, *et seq.* ("Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S.A. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order ("Minimum Wage Order"), against Defendant and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and based upon the investigation made by his counsel, as follows:

## I. JURISDICTION AND VENUE

1.  This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer... in any Federal or State court of competent jurisdiction." Representative Plaintiff has signed an opt-in consent to join this lawsuit. (Attached hereto as Exhibit A).

2.  This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff was employed by and performed work for Defendant in this District and Defendant has conducted business within this District during all material times. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

5.  BASF is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## II. PARTIES

6.  Plaintiff Randy Porter, at all times material, worked at one or more of Defendant's facilities located in Brighton, Colorado during the three-year period immediately preceding the filing of this Complaint, (hereinafter "Violation Period") as both an hourly-paid non-exempt PPE-equipped employee ("PPE Employee") and as an hourly-paid non-exempt employee who received remuneration in addition to his typical hourly rate of pay ("Miscalculated Employee").

7.     Defendant employed Plaintiff and members of the Class and the Collective Class, defined below, as PPE Employees during the Violation Period.

8.     Defendant employed Plaintiff and members of the Class and Collective Class, defined below, respectively as Miscalculated Employees during the Violation Period.

9.     Defendant, BASF Corporation, is a Delaware Corporation with its corporate headquarters located at 1209 Orange Street, Wilmington, Delaware, 19801. BASF is a covered employer under the FLSA, the Wage Claim Act and the Minimum Wage Order. According to the Colorado Secretary of State, Defendant may be served through its registered agent for service of process: The Corporation System, 7700 E. Arapahoe Rd., Centennial, CO 80112.

### III.  FACTUAL BACKGROUND

10.     Plaintiff is a former hourly-paid PPE equipped employee of Defendant who worked at one or more of Defendant's facilities in Brighton, Colorado, during the Violation Period.

11.     Plaintiff is also a former Miscalculated Employee of Defendant who worked at one or more of Defendant's facilities in Brighton, Colorado during the Violation Period.

12.     At all times material herein, Plaintiff was subjected to the same FLSA violations, as described hereinafter, as Defendant's other PPE Employees and Miscalculated Employees.

13.     At all times material herein, Plaintiff was subjected to the same wage and hour violations under the Wage Claim Act and Minimum Wage Order as described hereinafter, as Defendant's other PPE Employees and Miscalculated Employees.

14.     Defendant routinely scheduled Plaintiff and other PPE Employees and Miscalculated Employees to work at least forty (40) hours per week. At times, PPE Employees and Miscalculated Employees worked additional hours, including overtime hours in excess of forty (40) hours per week.

**PPE Employees Worked "Off-The-Clock"**

15.    Plaintiff and other PPE Employees worked "off-the-clock," outside their regularly scheduled hours, during the Violation Period without receiving compensation for such "off-the-clock" work, as required by the FLSA, the Wage Claim Act and the Minimum Wage Order.

16.    Some of the uncompensated "off-the-clock" work performed by Plaintiff and similarly situated employees consisted of:

(a)    being required, induced, forced, encouraged, expected and/or, suffered or permitted, to perform work duties at their workplace before and after being clocked in/out of their regularly scheduled shifts;

(b)    being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "don" personal protective equipment (PPE) before clocking in to their regularly scheduled shifts, without being compensated for such "donning" time;

(c)    being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "doff" personal protective equipment (PPE) after clocking-out of their regularly scheduled shifts, without being compensated for such "doffing" time;

(d)    being required, induced, forced, encouraged, expected and/or, suffered or permitted, to shower in order to remove job-related toxic and potentially carcinogenic substances from their bodies after clocking-out of their regularly scheduled shifts, without being compensated for such "showering" time;

(e)    being subjected to Defendant's shift-pay policy in which Defendant's compensated Plaintiff and other PPE employees only for a certain amount of hours, to the exclusion of time spent donning and doffing PPE.

17. Defendant has had actual as well as constructive knowledge of the above enumerated "off-the-clock" claims, but has not adequately addressed such violations during the Violations Period.

18. Plaintiff and other PPE Employees' "off-the-clock" work benefitted Defendant by providing Defendant with a workforce that was both compliant with state and federal safety standards and more productive during the time actually compensated by Defendant than they would have been had Defendant paid Plaintiff and other PPE Employees for all time performing compensable work, including the aforementioned donning and doffing.

19. The net effect of Defendant's plan, policy and practice of not paying Plaintiff and other PPE Employees for such "off-the-clock" work, including not compensating Plaintiff and other PPE Employees for all such related overtime work, was a scheme to save payroll costs and payroll taxes for which it has enjoyed ill-gained profits at the expense of Plaintiff and members of the classes and collectives defined below (collectively, "Class Members").

20. Considering Plaintiff and Class Members worked forty or more hours during weekly pay periods of the Violation Period for Defendant, had Plaintiff and other PPE Employees been properly compensated for all "off-the-clock" work, such work time would have been added to their pay and treated as overtime compensation under the FLSA, the Wage Claim Act and the Minimum Wage Order.

## Defendant Failed to Keep Accurate Time Records

21. Defendant failed to accurately record actual hours worked by its PPE Employees as required by the FLSA, 29 C.F.R. §516.2(a)(7) and state law.

22. Instead of accurately recording all time worked by Plaintiff and other PPE Employees, Defendant willfully required, induced, forced, encouraged, expected and/or, suffered or

permitted, its PPE Employees to perform tasks and work additional time in excess of forty (40) hours per week during weekly pay periods of the Violation Period, for which all such hours were not recorded.

23.    Defendant knew, and was aware at all times, that it was not recording all of its PPE Employees' work hours.

24.    Defendant required, induced, forced, encouraged, expected and/or, suffered or permitted, its PPE Employees to perform uncompensated work and was aware at all times that PPE Employees performed such work.

**Defendant's Common Plan, Policy and Practice of "Off-the-Clock" Violations**

25.    During the relevant time period, Defendant had a common plan, policy and practice of not compensating Plaintiff and other PPE Employees for all hours worked, including overtime hours at the required FLSA and Minimum Wage Order overtime rate, all in violation of the provisions of the FLSA, 29 U.S.C. § 207(a)(1), Wage Claim Act, and Minimum Wage Order. As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

26.    Specifically, Defendant had a common plan, policy and practice of failing and refusing to compensate Plaintiff and other PPE Employees for all hours spent "donning and doffing" personal protective equipment and, showering (including overtime compensation for all such hours over 40 within weekly pay periods at the required overtime rate at all times material), all in violation of the FLSA, 29 U.S.C. § 207(a)(1). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

27.  Plaintiff's and other PPE Employees' "off-the-clock" claims (including "donning and doffing" claims) are unified by a common theory of Defendant's FLSA, Wage Claim Act and Minimum Wage Order violations.

28.  As a result of Defendant's improper and willful failure to pay Plaintiff and those similarly situated in accordance with the requirements of the FLSA, Wage Claim Act and Minimum Wage Order, they have suffered lost wages, overtime compensation and other damages for which they are entitled to recover from Defendant.

**Defendant's Common Plan, Policy and Practice of Miscalculating**

**Wages in Violation of the FLSA, Wage Claim Act and Minimum Wage Order**

29.  During the relevant time period, Defendant had a common plan, policy and practice of not compensating Plaintiff and other Miscalculated Employees the correct overtime rate for all hours worked by failing to include all remuneration in their weekly-determined regular rate required under the FLSA and Minimum Wage Order. As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

30.  Specifically, Defendant had a common plan, policy and practice of failing and refusing to fully compensate Plaintiff and other Miscalculated Employees by impermissibly excluding non-discretionary bonuses (including annual production or retention bonuses). As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

31.  Plaintiff's and other Miscalculation Employees claims are unified by a common theory of Defendant's FLSA, Wage Claim Act and Minimum Wage Order violations, and, upon information and belief, Defendant directed such policies from its centralized human resources department in New Jersey.

32.    As a result of Defendant's improper and willful failure to pay Plaintiff and those similarly situated in accordance with the requirements of the FLSA, Wage Claim Act and Minimum Wage Order, they have suffered lost wages, overtime compensation and other damages, for which they are entitled to recover from Defendant.

## IV.  FLSA COLLECTIVE ACTION ALLEGATIONS

**Plaintiff and Similarly Situated Individuals Were Required, Suffered, and/or Permitted to Work "off-the-clock" Since Defendant Did Not Compensate Plaintiff and Similarly Situated Individuals for Time Spent Donning and Doffing PPE.**

33.    Plaintiff brings this case as a collective action on behalf of himself, individually, and on behalf of himself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

34.    The proposed collective class of similarly situated persons is defined as:

> All current and/or former hourly-paid personal protective equipment (PPE) equipped employees of BASF Corporation who "donned" and "doffed" safety gear and items at any of its facilities and who were employed by BASF Corporation at its Brighton, Colorado facilities at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Donning and Doffing Collective Class").

35.    This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Collective Class with respect to Defendant's aforementioned compensation and work-related plans, policies and practices.

36.     Plaintiff and the Collective Class have been subjected to Defendant's aforementioned common plans, policies and practices of requiring, inducing, forcing, encouraging, expecting and/or, suffering or permitting, its management and supervisory personnel to work Plaintiff and Collective Class members "off the clock" (including "donning and doffing" and showering time) in order to stay within or below its budgeted labor hours, all in violation of the FLSA.

37.     Defendant required, induced, forced, encouraged, expected and/or, suffered and permitted, Plaintiff and the Collective Class to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

38.     Defendant knew Plaintiff and the class members performed work that required additional wages to be paid and overtime compensation. Nonetheless, Defendant operated under the aforementioned common plans, policies and practices to deprive Plaintiff and the collective class of such wages and overtime compensation.

39.     Defendant's conduct, as alleged herein, was willful, without good faith, and has caused significant damage to Plaintiff and the Collective Class.

40.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class for all previously described "off-the-clock" hours.

41.     Plaintiff therefore requests this Court to authorize notice to the members of the Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

42.  Plaintiff estimates there are over one hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text message and by posting notice in Defendant's plants.

**Plaintiff and Similarly Situated Individuals Were Incorrectly Compensated for Time Working Over 40 Hours Per-Week Because Defendants Incorrectly Calculated Plaintiff's Regular Rate of Pay.**

43.  Plaintiff brings this case as a collective action on behalf of himself, individually, and on behalf of himself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs and other damages owed.

44.  The proposed collective class of similarly situated persons is defined as:

> All current and/or former hourly-paid employees of BASF Corporation, who received shift differential payments, bonuses (including performance or retention bonuses) or any other payments or bonuses based on work performed AND worked over 40 hours per week at least once while employed by BASF at its Brighton, Colorado facilities at any time during the applicable limitation's period covered by this Complaint (i.e. two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Miscalculation Collective Class").

45.  This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Collective Class with respect to Defendant's aforementioned compensation and work-related plans, policies and practices.

46.    Plaintiff and the Miscalculation Collective Class have been subjected to Defendant's aforementioned common plans, policies and practices of failing to include all shift differential, performance bonus, other non-discretionary bonus, and/or other compensation in the Miscalculation Collective Class' regular rate of pay on a weekly basis to determine Plaintiff's overtime rate, including performance or retention bonuses paid at least once per year.

47.    Upon information and belief, this common plan or policy, which violates the Fair Labor Standards Act, was disseminated from BASF's centralized human resources division located in New Jersey.

48.    Defendant knew it compensated Plaintiff additional wages that should have been included in Plaintiff's regular rate of pay to determine overtime compensation. Nonetheless, Defendant operated under the aforementioned common plans, policies and practices to deprive Plaintiff and the collective class of such overtime compensation.

49.    Defendant's conduct, as alleged herein, was willful, without good faith, and has caused significant damage to Plaintiff and the Collective Class.

50.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Miscalculation Collective Class for all previously described miscalculated overtime payments.

## V.  CLASS ACTION ALLEGATIONS UNDER THE WAGE CLAIM ACT AND MINIMUM WAGE ORDER

**BASF Required, Suffered, and/or Permitted its employees to Work "Off-the-Clock" Since Defendant Did Not Compensate Plaintiff and Similarly Situated Individuals for Time Spent Donning and Doffing PPE.**

51.    Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52.    Plaintiff brings this case as a class action on behalf of himself, individually, and on behalf of himself and other potential class members to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed pursuant to the Wage Claim Act and Minimum Wage Order.

53.    At all relevant times, Defendant was an "employer" within the meaning of the Colorado Wage Claim Act and Minimum Wage Order.

54.    At all relevant times, Defendant has employed "employees", including Plaintiff and the Colorado Class, within the meaning of the Wage Claim Act and the Minimum Wage Order.

55.    Plaintiff was an employee of BASF within the meaning of the Wage Claim Act and Minimum Wage Order.

56.    As a result of the foregoing conduct, as alleged, BASF has failed to pay wages due under the FLSA and Minimum Wage Order, thereby violating the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

57.    At all relevant times, Plaintiff and the members of the Colorado Class were employed by BASF within the meaning of the Colorado Wage Claim Act and Minimum Wage Order.

58. BASF willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all overtime hours worked, in violation of the Wage Claim Act and Minimum Wage Order.

59. BASF's Wage Claim Act and Minimum Wage Order violations have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

60. Due to BASF's Wage Claim Act and Minimum Wage Order violations, Plaintiff and the Colorado Class are entitled to recover from BASF their unpaid overtime wages for overtime hours worked for which they did not receive compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, statutory damages, penalties, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Wage Claim Act and Minimum Wage Order.

61. The proposed class of persons is defined as:

> All current and/or former hourly-paid personal protective equipment (PPE) equipped employees of BASF Corporation who "donned" and "doffed" safety gear and items at any of its facilities and who were employed by BASF Corporation at its Brighton, Colorado facilities at any time during the applicable limitations period covered by this Complaint up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Donning and Doffing Class").

62. Plaintiff does not know the exact number of potential Class members, but upon information and belief, Defendant denied proper wages, including overtime wages, to dozens and dozens of its PPE Employees during the statutory period by enforcing a common policy of not paying its PPE Employees for all compensable work, making joinder of all affected

class members extremely difficult or impracticable.

63.    Common questions law or fact common to the Class of PPE Employees predominate over questions affecting only individual class members.  These common questions of law or fact are:

(a)    Whether Defendant is an employer under the Wage Claim Act and Minimum Wage Order;

(b)    Whether the members of the Class are employees of Defendant under the Wage Claim Act and Minimum Wage Order;

(c)    Whether certain work time including time spent donning and doffing personal protective equipment is compensable under the Wage Claim Act and Minimum Wage Order;

(d)    Whether Defendant paid members of the Class one and one-half times the minimum wage for all hours worked over forty for every work week;

(e)    Whether Defendant paid members of the Class the minimum wage or members' regular rate for all hours worked under forty for every work week;

(f)    Whether Defendant knew or should have known that Defendant's failure to pay minimum wages or overtime would result in violations of the Wage Claim Act and Minimum Wage Order;

(g)    Whether the Defendant unlawfully failed to pay proper compensation in violation of and within the meaning of the Wage Claim Act;

(h)    Whether the Defendant unlawfully failed to pay proper compensation in violation of and within the meaning of the Minimum Wage Order;

(i)    Whether the Class is non-exempt from entitlement to premium compensation for

hours worked in excess of forty (40) hours per week;

(j)     Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

(k)     What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(l)     What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of minimum and overtime wages;

(m)    Whether Defendant failed and/or refused to pay Plaintiff and the Class overtime pay for hours worked in excess of forty (40) hours per work week within the meaning of the Minimum Wage Order;

(n)     Whether Defendant failed and/or refused to pay Plaintiffs and the Class hourly wages equal to the required minimum wage for each hour worked within the meaning of the Minimum Wage Order'

(o)     The nature and extent of Wage Claim Act and Minimum Wage Order Class-wide injury and the appropriate measure of damages for the class;

(p)     Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Class minimum wage for hours worked under forty (40) hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws; and

(q)     Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Class overtime pay for hours worked in excess of forty (40) hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

64. As demonstrated by the allegations above, Plaintiff's claims are typical of the Class' claims. These claims arose from the same employer at the same locations pursuant to the same practices and policies, and the claims are based on the same legal theories.

65. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

66. The Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

67. Defendant has acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

68. Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA, the Wage Claim Act and Minimum Wage Order by failing to maintain accurate time sheets and payroll records for the Plaintiff and the Class.

69. Plaintiff is an adequate class representative. Plaintiff was a PPE Employee of Defendant who, like other PPE Employees, not paid proper overtime and minimum wages by Defendant. Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Class would seek.

70. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay all overtime compensation and failing to accurately calculate overtime owed.

71. A class action is superior to other available methods for the fair and efficient adjudication

of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individuals in the Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

72.     Plaintiff knows of no conflict of interest with the class of PPE Employees who worked for Defendant.

73.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

74.    Plaintiff has hired the law firms of Jackson, Shields, Yeiser & Holt and The Law Offices of Brian Gonzales, to pursue his claims for unpaid overtime and minimum wages. Both Jackson, Shields, Yeiser & Holt and The Law Offices of Brian Gonzales focus their practice on wage and hour claims under the FLSA and applicable state laws. The firms have represented other employees asserting unpaid overtime and minimum wage claims for donning and doffing time, and other compensable time, in numerous other cases. They also have represented numerous other employees and employers all over the United States in wage and hour claims in numerous other types of wage cases.

**Plaintiff and Similarly Situated Individuals Were Incorrectly Compensated for Time Working Over 40 Hours Per-Week Because Defendants Incorrectly Calculated Plaintiff's Regular Rate of Pay.**

75.    Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

76.    Plaintiff brings this case as a class action on behalf of himself, individually, and on behalf of himself and other potential class members to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed pursuant to the Wage Claim Act.

77.    Plaintiff brings this case as a class action on behalf of himself, individually, and on behalf of himself and other potential class members to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed pursuant to the Minimum Wage Order.

78.    The proposed class of persons is defined as:

> All current and/or former hourly-paid employees of BASF Corporation, who received shift differential payments, bonuses (including performance or retention bonuses) or any other

payments or bonuses based on work performed AND worked over 40 hours per week at least once while employed by BASF at its Brighton, Colorado facilities at any time during the applicable limitation's period covered by this Complaint up to and including the date of final judgment in this matter, and who are the Named Plaintiff and who are the Named Plaintiff and those eligible class members under Rule 23 of the Federal Rules of Civil Procedure, (Collectively, "the Miscalculation Class").

79.    Plaintiff does not know the exact number of potential Class members, but upon information and belief, Defendant denied proper wages, including overtime wages, to dozens, if not hundreds, of its Miscalculated Employees during the statutory period by enforcing a common policy of not paying its Miscalculated Employees for all compensable work by failing to include all compensation paid Plaintiff and the Class in their regular rate for the purposes of calculating overtime. Therefore, joinder of all affected class members will be extremely difficult or impracticable.

80.    Common questions law or fact common to the Class of Miscalculated Employees predominate over questions affecting only individual class members. These common questions of law or fact are:

a.    Whether Defendant is an employer under the Wage Claim Act and Minimum Wage Order;

b.    Whether the members of the Class are employees of Defendant under the Wage Claim Act and Minimum Wage Order;

c.    Whether the members of the class are exempt under the Minimum Wage Order;

d.    Whether certain compensation including variances in employee's hourly rate (shift differentials) and/or bonuses should have been included in employees' regular rate for the purposes of calculating overtime owed under the Wage

Claim Act and Minimum Wage Order;

e.  Whether Defendant knew or should have known that Defendant's failure to pay all minimum wages or overtime would result in violations of the Wage Claim Act and Minimum Wage Order;

f.  Whether the Defendant unlawfully failed to pay proper compensation in violation of and within the meaning of the Wage Claim Act and Minimum Wage Order;

g.  Whether the Class is non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

h.  Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

i.  What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

j.  What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of minimum and overtime wages;

k.  Whether Defendant failed and/or refused to pay Plaintiff and the Class overtime pay for hours worked in excess of forty (40) hours per work week within the meaning of the Minimum Wage Order;

l.  Whether Defendant failed and/or refused to pay Plaintiffs and the Class hourly wages equal to the required minimum wage for each hour worked within the meaning of the Minimum Wage Order;

m. The nature and extent of Wage Claim Act and Minimum Wage Order Class-wide injury and the appropriate measure of damages for the class;

n.  Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Class minimum wage for hours worked under forty (40) hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws; and

o.  Whether Defendant's general practice of failing and/or refusing to pay Plaintiff and the Class overtime pay for hours worked in excess of forty (40) hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

81.  As demonstrated by the allegations above, Plaintiff's claims are typical of the Class' claims.  These claims arose from the same employer at the same locations pursuant to the same practices and policies, and the claims are based on the same legal theories.

82.  The persons in the Class identified above are so numerous that joinder of all members is impracticable.

83.  The Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

84.  Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

85.  Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA, the Wage Claim Act and the Minimum Wage Order by failing to maintain accurate time sheets and payroll records for the Plaintiff and the Class.

86.  Plaintiff is an adequate class representative.  Plaintiff was a Miscalculated Employee of Defendant who, like other Miscalculated Employees, was not paid proper overtime and

minimum wages by Defendant because Defendant did not properly calculate Plaintiff's regular rate of pay on a weekly basis. Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Class would seek.

87.   Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week, of failing to pay minimum wage for each hour worked, and of failing to maintain accurate time sheets and payroll records.

88.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individuals in the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a class action will obviate the need for unduly duplicative

litigation that might result in inconsistent judgments about Defendant's practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

89.    Plaintiff knows of no conflict of interest with the class of PPE Employees who worked for Defendant.

90.    Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, ·and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

91.    Plaintiff has hired the law firms of Jackson, Shields, Yeiser & Holt and The Law Offices of Brian Gonzales, to pursue his claims for unpaid overtime and minimum wages. Jackson, Shields, Yeiser & Holt and The Law Offices of Brian Gonzales focus their practices on wage and hour claims under the FLSA and applicable state laws. They have represented other employees asserting unpaid overtime and minimum wage claims for donning and doffing time, and other compensable time, in numerous other cases. They also have represented numerous other employees and employers all over the United States in wage and hour claims in numerous other types of wage cases.

## VI.  CAUSES OF ACTION

### Violation of the Fair Labor Standards Act

92.    Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

93.    Plaintiff and other class members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

94. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

95. Plaintiff and other PPE Employees regularly performed work duties during weekly pay periods of the Violation Period but were not paid for all hours worked and were not paid overtime wages for all overtime work -- all in violation of the FLSA.

96. Plaintiff and other Miscalculated Employees received compensation for work that was unlawfully excluded from their regular rate of pay and therefore not included in their overtime rate.

97. Through its actions and common plans, policies and practices, as aforementioned, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all actual hours worked, including for overtime hours worked.

98. Defendant's actions were willful and not in good faith.

99. Defendant has had actual as well as constructive knowledge of its aforementioned "off-the-clock" FLSA violations.

100. Plaintiff and class members' "off-the-clock" claims are unified by a common theory of FLSA statutory violations.

101. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

102.   Defendant is liable to Plaintiff and other members of the Collective Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## Violation of the Colorado Wage Claim Act

103.   Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

104.   Defendant has violated the Wage Claim Act by regularly and repeatedly failing to compensate Plaintiff and the Class for all actual wages owed, including wages owed under the FLSA and Minimum Wage Order for donning and doffing required PPE.

105.   Plaintiff and other Miscalculated Employees received compensation for work that was unlawfully excluded from their regular rate of pay and therefore not included in their overtime rate.

106.   Defendant's actions were in violation of the Wage Claim Act and subject to a three-year statute of limitations.

107.   As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

108.   Defendant is liable to Plaintiff and other members of the Class for actual damages, as well as reasonable attorneys' fees, costs and expenses. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount equal to all earned but unpaid overtime compensation. This demand for payment is continuing and is made on behalf of any current BASF employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## Violation of the Minimum Wage Order

109.    Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

110.    Defendant has violated the Minimum Wage Order by failing to compensate all actual wages owed, including properly calculated overtime wages and overtime wages for uncompensated time Plaintiff donned and doffed required PPE.

111.    Plaintiff and other Miscalculated Employees received compensation for work that was unlawfully excluded from their regular rate of pay and therefore not included in their overtime rate.

112.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

113.    Defendant is liable to Plaintiff and other members of the Class for actual damages, as well as reasonable attorneys' fees, interest, costs and expenses.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand the Court to enter judgment in their favor on this Complaint and:

(a) Award judgment in favor of Plaintiff and similarly situated employees against Defendant for an amount equal to Plaintiff's and the Collective Class members' unpaid back wages pursuant to the applicable FLSA overtime rates;

(b) Award judgment in favor of Plaintiff and other members of the Class against Defendant for an amount equal to Plaintiff's and the Class member' unpaid back wages pursuant to the applicable Minimum Wage Order overtime rates;

(c) Find and Declare Plaintiff and the Class are entitled to bring this action subject to Rule 23 of the Federal Rules of Civil Procedure;

(d) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

(e) Find and declare that Defendant's violations of the Wage Claim Act are subject to either a 3 year statute of limitations or a 2 year statute of limitations;

(f) Award Plaintiff and members of the Collective Class liquidated damages in accordance with the FLSA;

(g) Award Plaintiff and members of the Class all damages, penalties and interest to which they are entitled in accordance with the Wage Claim Act and Minimum Wage order;

(h) Award Plaintiff and the Collective Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA, Wage Claim Act and Minimum Wage Order;

(i) Award pre and post-judgment interest and court costs as further allowed by law;

(j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and,

(k) Provide further relief as the Court deems just and equitable.

## VIII.  <u>JURY DEMAND</u>

Plaintiff hereby demand a trial by jury as to all issues.

Dated: May 10, 2019

Respectfully submitted,

*/s/  Brian D. Gonzales*
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: 970-214-0562
BGonzales@ColoradoWageLaw.com

J. Russ Bryant* (TN BPR #33830)
Gordon E. Jackson* (TN BPR #8323)
Paula R. Jackson* (TN BPR #20149)
Nathaniel A. Bishop* (TN BPR #035944)
JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
jholt@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com

**\*Full admission into the USDC Colorado Anticipated*

**ATTORNEYS FOR PLAINTIFF**