IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01352-KLM

RANDY PORTER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BASF CORPORATION, a Delaware Corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Stipulation on Expedited Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees (Conditional Certification)** [#23][1] (the "Motion"). The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#23] is **GRANTED**.[2]

## I. Background

Plaintiff requests that the Court conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"), as authorized by 29 U.S.C. § 216(b). As stipulated by the parties, the class consists of individuals who were or are employed at

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] **Error! Main Document Only.**This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#26, #29].

Defendant's Brighton, Colorado facility in the hourly-paid "Mixer" positions, dating three years back from the date of notice. *Motion* [#23] at 1-2. The parties have further stipulated to the conditional certification of two subclasses they shorthand as the "Personal Protective Equipment ("PPE") Employee" and the "Miscalculated Employee." *Id.* Defendant allegedly "routinely scheduled Plaintiff and other PPE Employees and Miscalculated Employees to work at least forty (40) hours per week." *Compl.* [#1] at 3.

Plaintiff alleges that, "[a]t times, PPE Employees and Miscalculated Employees worked additional hours, including overtime hours in excess of forty (40) hours per week." *Id.* Plaintiff argues that PPE Employees must be compensated for the overtime hours they worked "donning and doffing" PPE and showering, and Miscalculated Employees must be compensated for the overtime hours they worked which were miscalculated by Defendant. *Compl.* [#1] at 7-8. In the present Motion [#23], Plaintiff is seeking: (1) conditional certification of an FLSA putative class whose members would consist of all employees of Defendant who are similarly situated to Plaintiff, and (2) the Court's authorization of notice to be sent to these similarly situated persons.

## II. Standard of Review

The FLSA requires that non-exempt employees who work more than forty hours in a work week be paid at one and one-half times their "regular rate" of pay. 29 U.S.C. § 207(a)(1). The FLSA broadly defines "regular rate" as the amount actually paid to the employee for "all remuneration for employment." 29 U.S.C. § 207(e). Pursuant to the FLSA, employees may sue their employer for unpaid wages, overtime, and liquidated damages on behalf of themselves and similarly situated employees who choose to opt-in to the lawsuit. 29 U.S.C. § 216(b). This means that similarly situated FLSA plaintiffs may

join in a collective action if they so choose.  *Id.*  However, an FLSA collective action is not the same as a class action pursuant to Fed. R. Civ. P. 23.  The primary difference is that FLSA action claimants retain the right to separately pursue their rights and are only bound by the outcome of the collective action if they expressly choose to join in the litigation. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013); *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016).

The Tenth Circuit uses a two-stage process for determining whether FLSA class members are similarly situated to the named plaintiff.  *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  The first stage of an FLSA action, and the stage that is relevant for the Court's analysis of this Motion [#23], is known as the notice stage.[3]  For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  The "court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations."  *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2012 WL 1414325, at *3 (D. Colo. Apr. 21, 2012).  Thus, the plaintiff's burden at this stage is a minimal one, "which typically results in conditional certification of a representative class[,]" and allows notice to be sent to all putative class members.  *Grady v. Alpine Auto Recovery LLC*, No. 15-cv-00377-PAB-MEH, 2015 WL 3902774, at *4 (D. Colo. June 24, 2015) (quoting *Renfro v. Spartan Comput. Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007));

---

[3] The second stage imposes a stricter standard for determining whether the collective action should continue, but that analysis is not relevant at the present stage of this litigation.  *See Thiessen*, 267 F.3d at 1103.

- 3 -

*see also Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (describing the burden as "lenient"). Courts do not review the underlying merits of the action in deciding whether to conditionally certify a class. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988).

### III.  Analysis

#### A.    Similarly Situated Employees Subject to a Single Plan or Policy

The parties are in agreement regarding certification of the sub-classes for purposes of this litigation. For a conditional certification analysis at the notice stage, the court is required to examine two issues: (1) whether the plaintiff and putative collective members were employed in similar positions; and (2) whether the plaintiff and putative collective members were subject to the defendant's alleged unlawful decision, policy or plan. *Grady*, 2015 WL 3902774, at *5-6 (citing *Renfro*, 243 F.R.D. at 433-34). As discussed below, the Court finds that Plaintiff has satisfied the minimal burden necessary to conditionally certify an FLSA collective action pursuant to 29 U.S.C. § 216(b).

Regarding the first subclass of PPE Employees, Plaintiff alleges that he and other PPE employees worked "off-the-clock," i.e., outside their regularly scheduled hours, during the "Violation Period," for uncompensated work, including working outside of their "clocked in/out" shifts; "don[ning]" PPE before clocking in to their shifts without being compensated for this time; "doff[ing]" PPE after clocking out of their shifts without being compensated for this time; showering to remove "job-related toxic and potentially carcinogenic substances from their bodies" after clocking out of their shifts without being compensated for this time; and being subjected to Defendant's shift-pay policy, which compensates Plaintiff and other PPE employees only for a certain amount of hours,

excluding time spent donning and doffing PPE. *Compl.* [#1] at 4. Plaintiff alleges that he and other PPE employees must be compensated for these overtime hours pursuant to the FLSA. *Id.* at 5.

Plaintiff further alleges that "Defendant failed to accurately record actual hours worked by its PPE Employees as required by the FLSA . . . ." *Id.* at 6. Because of lack of overtime compensation to Plaintiff and other PPE employees, Plaintiff alleges that Defendant "benefited from reduced labor and payroll costs." *Id.* Plaintiff asserts that he and those similarly situated have suffered lost wages, overtime compensation, and other damages for which they are entitled to recover from Defendant's "improper and willful failure to pay . . . ." *Id.* at 7.

> The proposed subclass of PPE Employees is defined as:
>
> All current and/or former hourly-paid personal protective equipment (PPE) equipped employees of BASF Corporation who "donned" and "doffed" safety gear and items at any of its facilities and who were employed by BASF Corporation at its Brighton, Colorado facilities at any time during the applicable limitations period covered by the Complaint up to and including the date of final judgment in this matter . . . .

*Id.* at 13.

Regarding the second subclass of Miscalculated Employees, Plaintiff alleges that Defendant failed to pay Plaintiff and other Miscalculated Employees the correct overtime rate for all hours worked, to include all remuneration in their weekly-determined regular rate, and to include non-discretionary bonuses, including annual production or retention bonuses. *Id.* at 7. Plaintiff further alleges that because of failure to compensate correctly, Defendant benefited from reduced labor and payroll costs. *Id.* Plaintiff alleges that he and those similarly situated have suffered lost wages, overtime compensation, and other

damages for which they are entitled to recover from Defendant's "improper and willful failure to pay . . . ." *Id.* at 8.

The proposed subclass of Miscalculated Employees is defined as:

> All current and/or former hourly-paid employees of BASF Corporation, who received shift differential payments, bonuses (including performance or retention bonuses) or any other payments or bonuses based on work performed AND worked over 40 hours per week at least once while employed by BASF at its Brighton, Colorado facilities at any time during the applicable limitation's period covered by this Complaint up to and including the date of final judgment in this matter . . . .

*Id.* at 18-19.

At the notice stage, "[p]laintiffs need [to] show only that their positions are similar, not identical, to the positions held by the putative class members." *Gordineer v. Rocky Mountain Offender Mgmt. Sys.*, No. 12-cv-01212-JLK, 2013 WL 179327, at *6 (D. Colo. Jan. 17, 2013). Based on the parties' stipulation and the Court's own review, the Court finds that Plaintiff is sufficiently similarly situated to other putative class members and that all putative class members were subject to the same allegedly unlawful plan or policy. Therefore, the Court finds that "Plaintiff[ ] ha[s] met [his] burden as to conditional certification, and it is now up to Defendant[ ] at a later stage to demonstrate that any of the putative class members' claims should be barred[.]"[4] *Lysyj v. Milner Distrib. All., Inc.*, No. 13-cv-01930-RM-MJW, 2014 WL 273214, at *4 (D. Colo. Jan. 24, 2014). Accordingly, the Court conditionally certifies Plaintiff's putative sub-classes, as defined above, under the FLSA, 29 U.S.C. § 216(b).

## B.     Plaintiff's Proposed Notice

---

[4] The Court notes that "Defendant retains all defenses, including all objections to a three-year statute of limitations period and the right to seek decertification at the close of discovery." *Proposed Order* [#25] at 2.

Once Plaintiff satisfies the FLSA preliminary certification standard, the Court may then approve notice to be sent to all individuals who could be eligible to participate in the collective action. *Torres-Vallejo*, 220 F. Supp. 3d at 1091. Plaintiff included a proposed Notice [#23-1] and proposed Consent to Join [#23-2] form with the Motion [#23]. Based on the parties' stipulation and the Court's own review, the Court authorizes the issuance of the Notice [#23-1] and Consent to Join [#23-2] to all putative class members.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's counsel is authorized to serve the Notice attached as Exhibit A [#23-1] to the Motion [#23] and the Consent to Join attached as Exhibit B [#23-2] to the Motion [#23] to all current and former employees who worked as hourly-paid "Mixers" (which includes both the "PPE Employees" subclass and the "Miscalculated Employees" subclass) in Defendant's Brighton, Colorado chemical plant.

IT IS FURTHER **ORDERED** that Notice will be mailed to all current and former "Mixers" at their last known address as provided on a list to be provided by Defendant to Plaintiff's counsel within thirty (30) days of the entry of this Order. The list will contain the first and last names of each employee along with their last known addresses and dates of employment. Defendants will ensure that all home addresses for its current employees are up to date. If any mailing to any current employee is returned as undeliverable, Plaintiff's counsel shall so notify counsel for Defendant and provide a copy of the returned envelope. Upon receiving such notification, Defendant shall ask those current employees whose mail was returned to Plaintiff's counsel for a current mailing address and Defense

counsel shall notify Plaintiff's counsel of any mailing address provided in response. For former employees whose mailing is returned as undeliverable at the address provided, Defendant shall also provide to Plaintiff's counsel, if possible, any last known telephone numbers and email addresses of such former employee, and if Plaintiff's counsel is still unsuccessful in reaching such former employee, Defendant's counsel may provide a social security number of that former employee so that Plaintiff's counsel may try to find a current address for such former employee.

IT IS FURTHER **ORDERED** that all Consents to Join will be filed on the date they are received by Plaintiff's counsel.

IT IS FURTHER **ORDERED** that the opt-in period shall run for sixty (60) days from the time the Notice is mailed. Plaintiff's counsel shall file a Notice with the Court indicating the date that the Notice was mailed.

Dated: August 5, 2020

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge