IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01352-KLM

RANDY PORTER, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

BASF Corporation, a Delaware Corporation

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Unopposed Motion for Order Approving Settlement Agreement and Dismissal of Lawsuit with Prejudice** [#46][1] (the "Motion"). Plaintiff Randy Porter and twelve other Opt-in Plaintiffs (collectively "Plaintiffs") request that the Court approve the executed Settlement Agreement and Release [#46-1] (the "Settlement Agreement"), which resolves all of Plaintiffs' claims in this matter pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. For the reasons set forth below, the Motion [#46] is **GRANTED**.

In the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, the prevailing opinion prior to January 2017 in the District of Colorado was that an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the

---

[1] "[#46]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

1

district court enters a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also, e.g.*, *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013) (citing *Lynn's Food Stores*, 679 F.2d at 1353) ("For the benefit of the parties, the court *must* scrutinize the proposed settlement documentation . . . .") (emphasis added). Since January 2017, however, federal circuits, as well as courts within the District of Colorado, have split on the issue of whether private settlements of bona fide disputes require judicial approval under the FLSA. *See Riley v. D. Loves Restaurants, LLC*, No. 20-1085 WJ/KK, 2021 WL 1310973, at *2 (D.N.M. Apr. 8, 2021) (highlighting split caselaw across federal circuit courts of appeals); *Slaughter v. Sykes Enters., Inc.*, No. 17-cv-02038-KLM, 2019 WL 529512, at *1-6 (D. Colo. Feb. 11, 2019) (highlighting split caselaw within the District of Colorado).

Nevertheless, "while there is disagreement over whether FLSA settlements *must* be approved by the Court, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court." *Slaughter*, 2019 WL 529512, at *6 (citation omitted) (emphases in original); *see also Edwards*, 2021 WL 2255358, at *2 (citing *Slaughter*, 2019 WL 529512, at *6) ("[J]udicial approval of FLSA settlements is appropriate in certain cases, and there appears to be consensus that nothing *precludes* a court from engaging in a review.") (emphasis in original). Thus, in light of the parties' request, the Court reviews the Motion [#46] and the attached Settlement Agreement [#46-1] under the factors traditionally considered in the District of Colorado.

In *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held pursuant to *Lynn's Foods* that

2

"[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." To demonstrate those factors, parties must generally describe the nature of and facts at issue in the action, show that the proposed settlement provides adequate compensation to the plaintiff, and provide for reasonable attorneys' fees in the proposed settlement. *Id.* at *3-8. The Court addresses each of these factors in turn.

**A.     Bona Fide Dispute**

First, the Court must determine whether the parties have provided sufficient information to determine whether a bona fide dispute exists. *Id.* at *1. "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.* Sufficient information regarding a bona fide dispute consists of the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Id.*

The parties have provided sufficient information in support of their assertion that a bona fide dispute exists. *See Motion* [#46] at 3-7. Plaintiffs worked for Defendant as hourly mixing cleaners and brought this collective action to recover unpaid overtime arising from time spent working in Defendant's chemical manufacturing plant. *Id.* at 3. After investigations by both parties, the parties stipulated to conditionally certify the matter

as a collective action pursuant to 29 U.S.C. § 216(b), and notice was mailed to the putative collective, of which twelve individuals joined as opt-in plaintiffs. *Id.* at 4.

Thereafter, the parties exchanged information regarding each collective member in order to evaluate the claims and calculate damages. *Id.* Although Plaintiffs' rates of pay and lengths of employment were not in dispute, "the parties did dispute: 1) the number of overtime hours worked; 2) the applicable statute of limitations; 3) liability; and 4) the availability of FLSA liquidated damages." *Id.*

Plaintiffs assert that a bona fide dispute existed between the parties before the mediation and Settlement Agreement [#46-1]. *Id.* at 7. Specifically, Plaintiffs further assert that the dispute involved the following issues of fact and law:

>    a)   Was the donning and doffing time [of protective equipment] integral and indispensable to Plaintiffs' employment?
>    b)   How many hours of overtime were worked by Plaintiffs?
>    c)   If Defendant failed to pay all required overtime, are they liable to Plaintiffs for liquidated damages under the FLSA?
>    d)   What is the proper measure of damages?
>    e)   What is the appropriate statute of limitations?

*Id.*

Based on the foregoing, the Court finds that Plaintiffs have provided sufficient information to establish that a bona fide dispute existed between the parties.

**B.   Fair and Equitable Settlement**

Second, the Court determines whether the proposed settlement is fair and equitable to all parties concerned. *Baker*, 2014 WL 700096, at *2. In making this determination, the Court considers: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate

outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.*

Under the terms of the proposed Settlement Agreement [#46-1], Defendant has established a "Maximum Settlement Amount" with a value limit of $32,500.00. *Settlement Agreement* [#46-1] at 3. "All amounts to be paid by Defendant . . . will come out of the settlement fund," including attorneys' fees and administration costs, and "[t]he individual settlement amounts will be calculated based on the number of weeks each [Collective] Member worked for Defendant or its successor in interest after September 17, 2017 – the likely start date of the statute of limitations." *Motion* [#46] at 4. The settlement payment schedule reflecting payments to be made to each Plaintiff is provided in Exhibit 2 to the Settlement Agreement. *See* [#46-1] at 16.

Plaintiffs assert that the proposed Settlement Agreement [#46-1] "was the product of arm's-length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Plaintiff[s], and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits." *Motion* [#46] at 7-8. Such a position accords with the fact that "the parties engaged in a day-long, formal mediation and ultimately reached the agreement memorialized in the Settlement Agreement [#46-1]." *Id.* at 4. Plaintiffs also note that "[s]uch negotiations allowed the parties to bridge the significant gap between the parties' settlement positions," and that under these circumstances, "a presumption of fairness should attach to the proposed settlement." *Id.* at 8 (citing *Lynn's Foods*, 679 F.2d at 1354). Further, Plaintiffs anticipate, and Defendant does not dispute, that "significant obstacles" will arise should litigation

5

continue, including prolonged timelines and the possibility that the statute of limitations could bar recovery for some Plaintiffs, a point which has been "a heavily disputed issue" between the parties.  *Id.* at 8.

For the reasons stated above, and considering the nature of the unopposed Motion [#46], the Court finds that the proposed Settlement Agreement [#46-1] is fair and equitable.

**C.     Service Payments**

In addition to the Maximum Settlement Award, the Settlement Agreement [#46-1] states that a $2,250.00 service award be provided to the sole named plaintiff, Randy Porter, in the collective action.  *Settlement Agreement* [#46-1] at 7, 15.  "The reasonableness of a service award to a named Plaintiff is not generally listed as a factor to consider when deciding whether to approve a settlement."  *Thompson*, 2018 WL 2183988, at *3.  However, "reasonable incentive payments have become common for class representatives, and, apparently by analogy, for FLSA named plaintiffs as well."  *Id.* (internal quotation marks and citations omitted).

In their Motion [#46], Plaintiffs maintain that a $2,250.00 service award "is consistent with sums typically awarded in collective action settlements."  *Motion* [#46] at 8 (citing *Whittington*, 2013 WL 6022972, at *6 (approving "very modest" service award of $7,500 where total settlement was valued at approximately $2.5 million); *Tennile v. W. Union Co.*, No. 09-cv-00938-MSK-KMT, 2013 WL 6920449, at *14 (approving $7,500.00 service award where total settlement was valued at $63.5 million dollars)).  Plaintiffs also assert that Randy Porter "has been part of this lawsuit since its inception and was

6

instrumental in identifying the alleged wage violations and building the case." *Motion* [#46] at 8.

For the reasons stated above, the Court finds that the $2,250.00 service award, to be paid to Randy Porter as the sole named plaintiff in this collective action, is reasonable.

### D.   Reasonable Attorneys' Fees and Costs

The Court determines whether the proposed settlement awards reasonable attorneys' fees. *Baker*, 2014 WL 700096, at *3. To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of

multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

Under the proposed Settlement Agreement [#46-1], Defendant has agreed to pay Plaintiffs' attorneys' fees and expenses in the amount of $20,288.00. *Settlement Agreement* [#46-1] at 15. That figure was negotiated separately from the collective award in the context of a formal mediation. *Motion* [#46] at 5.

Numerous attorneys and support staff from the law firm Jackson, Shields, Yeiser, Holt, Owen, & Bryant performed services for Plaintiffs in this lawsuit. *See generally Billing Statement* [#46-2]. In their Motion [#46], Plaintiffs provide the following account explaining how the $20,288.00 figure was calculated:

> Plaintiffs' counsel invested a total of 52.35 associate hours in this matter after removing duplicate efforts and adjusting for inefficiency, approximately 15 hours of administrative work performed by law clerks, secretaries, and managing attorneys, and another twenty (20) hours of time by partners and outside co-counsel, largely spent on facilitating agreement to major case decisions and mediating the final result. . . . Plaintiff's Counsel typically bill these types of work at the following rates: Associate hours are billed at $300.00 per hour. These rates are in line with market rates. . . . These hours were conservatively billed and reduced to avoid charging for duplicate work and inefficiency. The overall hours initially billed come to 102 hours. After removing possible duplicate entries (such as discussions among attorneys), classifying attorneys [sic] time spent performing case management or other administrative functions as administrative work, . . . Plaintiffs' counsels [sic] hours were reduced to about 87.35 hours, resulting in $15,705.00 in associate time, $525.00 in administrative work, and $7,000.00 in partner and outside counsel fees, which is estimated at 4.75 hours, for a total, conservative lodestar of $20,612.5[0] in fees and administrative work related to this action. . . . Costs bring the overall amount to $26,046.74. Under the settlement agreement, Plaintiffs agree to $20,288.00 in fees and costs. Plaintiffs' Counsel's overall recovery therefore, represents a 20% discount on an already conservative accounting and includes future costs such as mailing the settlement payments to [collective] members.

*Motion* [#46] at 6 (internal citations omitted). In addition, the Billing Statement [#46-2] attached to the Motion [#46] provides an account of the amounts of time spent working on all matters related to the lawsuit.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of

the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Here, the Court has considered the amount in controversy, the length of time required to represent Plaintiffs effectively, the complexity of the case, the value of the legal services to Plaintiffs, and other factors in determining whether the requested fees and costs are reasonable. *See Manohar*, 2017 WL 3173451, at *5.

For the reasons stated above, and based on the undersigned's thirty-five years of combined private and judicial experience and careful consideration of the Motion [#46], the attached Settlement Agreement [#46-1] and Billing Statement [#46-2], and the issues underlying this matter, the Court finds that payment of $20,288.00 for Plaintiffs' attorneys' fees and costs is reasonable.

**E.     Conclusion**

Thus, after reviewing the Motion [#46] and proposed Settlement Agreement [#46-1], the Court finds that the litigation involves a bona fide dispute, that the proposed Settlement Agreement is fair and equitable to all parties concerned, and that the proposed settlement awards reasonable attorneys' fees and costs. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#46] is **GRANTED**.

IT IS FURTHER **ORDERED** that the $32,500 total settlement, as set forth in the Settlement Agreement [#46-1], is **approved.**

IT IS FURTHER **ORDERED** that the Notice, *see* [#110-1] at 17-22, is **approved** and shall be sent by the Settlement Administrator to each Collective Member by U.S. Mail within 21 days of the Court's approval of the settlement becoming a final non-appealable

order.  The Notice shall enclose each Collective Member's settlement check in the amount of his or her pro rata settlement share, less applicable taxes.

IT IS FURTHER **ORDERED** that the following service payment is **approved**: (1) $2,250.00 for named plaintiff Randy Porter.  *See Motion* [#46] at 8.

IT IS FURTHER **ORDERED** that the $20,288.00 in fees and expenses is **approved**.

IT IS FURTHER **ORDERED** that the terms in the Settlement Agreement [#46-1] are otherwise incorporated into this Order.

IT IS FURTHER **ORDERED** that all FLSA collective action claims asserted by Plaintiffs in the Collective and Class Action Complaint [#1] are **DISMISSED with prejudice**.  *See Motion* [#46] at 1.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case.


Dated:  September 27, 2021

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge